# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ANDREW HEWITT, | ) | CASE NO. 5:16-cv-3019 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CHARMAINE BRACY, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg (Doc. No. 10 ["R&R"]) recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner Michael Andrew Hewitt ("Hewitt") filed objections to the R&R. (Doc. No. 12 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Hewitt's objections, adopts the R&R, and dismisses Hewitt's petition for a writ of habeas corpus.

## I. BACKGROUND

Hewitt filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 16, 2016. (Doc. No. 1 ["Pet."].) Hewitt seeks relief from the sentence issued by the state trial court following a jury trial in which the jury returned a guilty verdict against Hewitt for murder, in violation of Ohio Rev. Code § 2903.02(A), along with a firearm specification. The magistrate judge summarized the factual predicate for this offense, as determined by the state

appellate court, as well as Hewitt's efforts to appeal his conviction in the state courts. Hewitt does not challenge the accuracy of the magistrate judge's summary of the procedural history and state appellate court's fact-findings. (R&R at 1118–29[1].) Because the summary accurately reflects the factual and procedural posture of the case, the Court will accept the magistrate's summary, as if rewritten herein. (*See id.*)

Hewitt raised four grounds for relief in his habeas petition. In the R&R, the magistrate judge recommended that the Court reject the first ground as procedurally defaulted. (R&R at 1140–42.) The magistrate judge reached the merits of the remaining claims. In Hewitt's second ground—involving the admission of evidence relating to a criminal damaging incident involving Hewitt and the victim's roommate—the magistrate judge determined that the state appellate court reasonably determined that this prior incident was admissible under Ohio R. Civ. P. 404(b) as it set the stage for the charged homicide. (*Id.* at 1150.) The magistrate judge found that Hewitt's third ground—relating to the state court's determination that Hewitt's non-verbal response to a detective's suggestion that he would perform a test for gunshot residue was not obtained during an interrogation—did not represent an unreasonable application of clearly established federal law. (*Id.* at 1158–60.) The magistrate judge recommended that the Court reject Hewitt's fourth ground because it was not objectively unreasonable for the state appellate court to find that a rational juror could have determined beyond a reasonable doubt that Hewitt purposefully caused the victim's death. (*Id.* at 1168–69.)

Hewitt filed timely objections to the R&R.

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by'

decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, -- U.S.--, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id*. (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

### III. PETITIONER'S OBJECTIONS

#### A. Procedural Default

By his first objection, Hewitt objects to the magistrate judge's finding that his first ground for relief—relating to the trial admission of photographs from Hewitt's phone—was procedurally defaulted.[2] It is well settled that a state prisoner cannot receive federal habeas review of a claim that has been procedurally defaulted. *See Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing among authority *Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)). Hewitt challenged the admission of the photographs on direct appeal and before the Ohio Supreme Court. But because he failed to preserve the issue in the trial court, the court of appeals applied a plain error analysis.

---

[2] Hewitt also "most vehemently objects" to any finding that his fourth ground for relief was procedurally defaulted. (Obj. at 1176.) At the end of analysis of Hewitt's first ground, the magistrate judge "recommended *Ground Four* be dismissed as procedurally defaulted." (R&R at 1142, emphasis added.) Inasmuch as the R&R reached the merits of Hewitt's fourth ground, the Court finds that the R&R's reference to ground four being procedurally defaulted was a mere typographical error. Accordingly, Hewitt's objection is MOOT.

4

While Hewitt attempts to reach the merits of this ground, the fact remains that the claim was procedurally defaulted. (*See* Obj. at 1176–77.) The magistrate judge correctly observed that Ohio's contemporaneous objection rule, which requires that an objection to the introduction of evidence be lodged at trial to preserve the issue for appeal, is an adequate and independent state ground barring federal habeas review. *See Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005). Moreover, the fact that the state court of appeals reviewed Hewitt's challenge to the evidence under a plain error standard did not waive or excuse the procedural default. *See Mason v. Brunsman*, 483 F. App'x 122, 130–31 (6th Cir. 2012).

Citing Ohio R. Evid. 103, Hewitt argues that he "objected to the evidence during a hearing on the same [issue]." (Obj. at 1178.) The state court of appeals rejected the argument that he had properly preserved the issue before the trial court, finding no evidence that Hewitt had filed a motion *in limine* challenging the admission of this evidence, and further finding that a motion *in limine* would not have been sufficient to preserve the issue for appellate review. *See State v. Hewitt*, No. 2014CA00078, 2015 WL 2194185, ¶ 48 (Ohio Ct. App. May 4, 2015). While Hewitt argues that the determination of procedural default is governed by federal law, a federal habeas court is bound by a state court's interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (citing among authority *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991)).

Because the Court finds that the magistrate judge properly determined that ground one

was procedurally defaulted, Hewitt's first objection is OVERRULED.³

### B. Admission of Criminal Damaging Incident/Sufficiency of Evidence

Hewitt's second and fourth objections can be addressed together. Hewitt argues that the magistrate judge erred in recommending the dismissal of ground two (admission of prior vehicle damaging incident) on the basis that it represents an unreasonable determination of the facts before the trial and appellate courts. He objects to the dismissal of ground four (sufficiency of the evidence) on essentially the same basis, arguing that the evidence was insufficient to demonstrate that he *purposefully* caused the death of another. In support of both objections, he offers his view of the evidence, and his belief that the evidence would have also supported a finding that he was acting in self-defense and that the victim was the aggressor.⁴

While Hewitt disagrees with the state appellate court's (and, by extension, the magistrate judge's) determination of the record facts, this Court's role, as a federal court conducting habeas review, is strictly limited to deciding whether a state prisoner's conviction violated the

---

³ Additionally, the Court observes that Hewitt's argument that the state appellate court erred in applying a plain error analysis is waived inasmuch as it was never presented to the magistrate judge. It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the magistrate judge." *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010). In *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), the Sixth Circuit held that a party is not permitted to raise a new argument, for the first time, in an objection to a Report and Recommendation, and that failure to raise the argument before the magistrate judge constitutes a waiver. "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009) (quoting *Greenhow v. United States*, 863 F.2d 633, 638–39 (9th Cir. 1988), *rev'd on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc)).

⁴ To the extent Hewitt suggests that he was entitled to an instruction on voluntary manslaughter (*see* Obj. at 1187–88), this argument was never raised at any level in the state system and is, therefore, procedurally defaulted.

constitution, laws or treaties of the United States.[5] *See Estelle*, 502 U.S. at 67–68. The Court does not sit to reexamine state court determinations on state law questions. *Id*. As the Sixth Circuit has frequently held, "errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983); *see also Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001) (A federal habeas court does not rule on errors in the application of state law, especially alleged errors in the admission or exclusion of evidence). Accordingly, the mere violation by a state court of its own evidentiary law does not of itself provide a basis on which this Court may grant habeas corpus relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Of course, Hewitt has failed to demonstrate that the admission of evidence of this prior incident violated Ohio evidentiary law, let alone constituted a violation so egregious that it was contrary to clearly established Supreme Court precedent. The record shows that the evidence was admitted for a proper purpose: to provide background information to explain the subsequent altercation between Hewitt and the victim and to provide context for the conflict. Of course, even if the admission had resulted in a state court violation, the fact remains that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting

---

[5] Hewitt notes that a previous trial on the same charges resulted in a hung jury. Because the evidence of the prior damaging incident was not admitted in the first trial, Hewitt guesses that this evidence must have been the deciding factor in his second trial. (Obj. at 1180.) However, once a mistrial is declared, what the first jury did or did not do becomes irrelevant to the constitutionality of conviction by a second jury. Even tentative decisions of a first jury become irrelevant if, instead of declaring a mistrial, the judge instructs the jury to reach agreement and they eventually do. In *Blueford v. Arkansas*, 566 U.S. 599, 605–06, 132 S. Ct. 2044, 182 L. Ed. 2d 937 (2012), the Supreme Court decided that a jury's report that had decided against capital and first degree murder but was deadlocked on manslaughter did not preclude a mistrial and retrial on those two charges when the jury hung somewhat later.

propensity evidence in the form of other bad acts evidence." *Burgh*, 329 F.3d at 512.

Hewitt's evidentiary claim is not cognizable on habeas review, and even if it were, it was not fundamentally unfair to admit evidence of this prior incident. Hewitt's second objection is OVERRULED.

As for Hewitt's fourth objection, the fact that he believes that the jury could have also found that he acted in self-defense does not warrant reversal. As the magistrate judge accurately noted, the standard of review for a sufficiency of the evidence challenge must focus on "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). This standard "also unambiguously instructs that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Cavazos v. Smith*, 565 U.S. 1, 7, 132 S. Ct. 2, 181 L. Ed. 2d 311 (2011) (quoting *Jackson*, 443 U.S. at 326). Moreover, because the *Jackson* standard and the AEDPA apply to Hewitt's claims, "the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second deference should be given to the [Ohio] Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by (AEDPA)." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008).

In rejecting Hewitt's sufficiency of the evidence claim, the state appellate court found that the presence of Hewitt's cell phone near the victim and Hewitt's DNA under the victim's fingernails, among other enumerated evidence, demonstrated that Hewitt was at the scene and

had fought with the victim. Additionally, the court found that the eyewitness account of a man generally matching Hewitt's description arguing with the victim moments before the shots were fired supported the jury's conclusion that Hewitt was the shooter. Moreover, as the magistrate judge correctly noted, a reasonable jury could infer from the use of a firearm that Hewitt purposefully killed the victim, as that term is defined by Ohio law. (*See* R&R at 1168–69 (collecting cases). Under the mandated doubly-deferential habeas review, the Court cannot find that it was objectively unreasonable for the state appellate court to conclude that the evidence was sufficient to convict, even if the evidence might also have supported another verdict. *See, e.g., Reynolds v. Curtin*, No. 07-12966, 2010 WL 2992399, at *5 (E.D. Mich. July 27, 2010) (rejecting sufficiency claim of murder conviction under similar Michigan law, noting that "[m]alice may be inferred from the use of a firearm").

Hewitt's fourth objection is OVERRULED.

**C.  Failure to Suppress**

In his third objection, Hewitt suggests that the magistrate judge's determination that the trial court did not violate his due process rights when it denied his motion to suppress evidence that he wiped his hands after being told by a police detective that they would be testing for gunshot residue was erroneous. Specifically, he argues that the R&R misapplied the Supreme Court's ruling in *Rhode Island v. Innis*, 446 U.S. 291, 106 S. Ct. 1682, 64 L. Ed. 2d 297 (1980). The Court disagrees.

In *Innis*, the Supreme Court held that a custodial "interrogation" occurs, not only when a law enforcement officer directs specific questions to a suspect in custody, but whenever the police say any words or take any actions that they should know are reasonably likely to elicit an

incriminating response. *Innis*, 446 U.S. at 301–302. "The question that must be answered under *Innis* is whether [the officer's] statement . . . should be viewed as the 'functional equivalent' of interrogation because [the officer] should have known that the statement was reasonably likely to elicit an incriminating response from the accused." *James v. Arizona*, 469 U.S. 990, 996, 105 S. Ct. 398, 83 L. Ed. 2d 332 (1984) (quoting *Innis*, 446 U.S. at 302).

Hewitt has not shown that the state court's determination that his gesture was not made in response to interrogation was not contrary to, or an unreasonable application of, clearly established federal law. In particular, he has not pointed to anything in the record that would show that the officer's remark (about the plan to conduct gunshot residue testing) would be reasonably understood as "express questioning or its functional equivalent." *Innis*, 446 U.S. at 300–01. Rather than inviting a response from Hewitt, the statement simply informed Hewitt as to what was going to happen next. "Such a routine, matter-of-course statement cannot be sufficiently compulsive to qualify as 'interrogation' under" federal constitutional law. *See, e.g., United States v. Ellis*, 910 F. Supp. 2d 1008, 1024 (W.D. Mich. 2012) (Defendant's statement was a "spontaneous admission made in response to [the officer's] statement (about going to get a warrant) about the next step in the investigatory process.").

But Hewitt argues that he was "peculiarly susceptible" to the officer's statement because he had been arrested the day before, brought into a police interview room in handcuffs, and was clothed in a hospital gown (because he had surrendered his clothing for testing). Under these circumstances, Hewitt posits that the officer should have known that being informed that the police would seek incriminating evidence would likely lead to an incriminating response. (Obj. at 1182–83.) However, *Innis* made clear that the "peculiarly susceptible" argument requires

evidence that the suspect was subjected to "a measure of compulsion above and beyond that inherent in custody itself[,]" and is not invoked by "a few off hand remarks" that were not "particularly 'evocative'" *See Innis*, 446 U.S. at 300, 303. These facts do not recast the officer's one non-evocative statement as exploitative, or suggest that Hewitt was any more susceptible to distress than the average suspect facing serious criminal charges. Because the state appellate court identified the correct legal principles, and did not unreasonably apply those principles to the facts of Hewitt's case, Hewitt is not entitled to habeas relief on this claim. His third objection is DENIED.

### IV. CONCLUSION

The Court has reviewed the magistrate judge's R&R and ADOPTS the same. Accordingly, the Court OVERRULES the objections and DISMISSES the petition. Further, the Court CERTIFIES an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 31, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**